IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD V. TOMB, III, | ) |
| Appellant, | ) No. 12 C 02609 |
| v. | ) |
| MARY GWEN EVANS, | ) Judge John J. Tharp, Jr. |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

Appellant Clifford V. Tomb, III, initiated this Bankruptcy appeal by filing a timely Notice of Appeal from a final judgment entered in the Bankruptcy Court on February 7, 2012. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1) and reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009); Fed. R. Bankr. P. 8013. For the reasons discussed below, the Court affirms the judgment of the Bankruptcy Court.

### I. Background

Tomb filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in July 2010. Appellee, Mary Gwen Evans, subsequently initiated an Adversary Proceeding against Tomb in the Bankruptcy Court seeking a determination, pursuant to 11 U.S.C. § 523(a)(6), that a prior judgment she had obtained against Tomb in the Circuit Court of Cook County, Illinois, was not dischargeable. The state court judgment, in the amount of $473,050 (consisting of $123,050 in compensatory damages and $350,000 in punitive damages), resulted from the disintegration of the personal relationship between Tomb and

Evans after a fire in November 2004 destroyed Tomb's condominium, where both had been living. Tomb, who had been out of town when the fire occurred, blamed Evans for starting the fire by failing to turn off an iron. The Bankruptcy Court's findings of fact, entered after the trial on the dischargeability issue, thoroughly recount the stormy course of the relationship between Tomb and Evans over the next year, including Evans' allegations of assault, battery, harassment, defamation and threats by Tomb, as well as Evans' successful effort to obtain several orders of protection from the Circuit Court of Cook County. Tomb sued Evans in the Circuit Court to recover a portion of his losses from the fire. Evans counterclaimed, asserting claims against Tomb for defamation, battery, assault, property damage, intentional infliction of emotional distress and negligence. Evans prevailed, obtaining the judgment that is at issue in this proceeding.[1]

In the Adversary Proceeding, Evans sought a finding that all of the amounts awarded to her in the state court judgment were non-dischargeable except for the award of $50 for property damage and $25,000 for negligence. The Bankruptcy Court conducted a bench trial on November 2, 2011. Evans testified at the trial and called one additional witness, Amy Sayre, a friend who testified that Evans continues to fear Tomb.

---

[1] The compensatory damages awarded to Evans in state court were allocated among her claims as follows:

| | | |
|---|---|---|
| Counts I-II | Defamation | $4,000 |
| Counts III-IV | Defamation | $18,000 |
| Count V | Battery | $25,000 |
| Count VI | Assault | $1,000 |
| Count VII | Property Damage | $50 |
| Count VIII | Intentional infliction of emotional distress | $50,000 |
| Count IX | Negligence | $25,000 |

Tomb, representing himself, cross-examined Evans, but did not testify himself and called no witnesses.

Following the trial, the Bankruptcy Court entered findings of fact and conclusions of law supporting its judgment in favor of Evans. Finding the testimony of Evans credible (and corroborated by police reports, the orders of protection and Sayre's testimony), Judge Hollis found that Tomb's actions had injured Evans and had been intentional and malicious, as required to support a finding of non-dischargeability under § 523(a)(6).[2] Judge Hollis therefore held that none of the damages awarded in the state court judgment, except the $25,050 awarded on the counts alleging property damage and negligence, were dischargeable.

**II.     Discussion**

Tomb now appeals the Bankruptcy Court's judgment, but it is difficult to discern on what ground. His brief, filed on March 27, 2012, and bearing the title, "MOTION On Appeal Overturning Bench's Opinion in/with Immediate Judgment Discharge," is an unfocused discourse setting forth (as far as the Court can tell) his version of the facts, but (as discussed further below) fails to identify expressly any legal ground for overturning the Bankruptcy Court's judgment. Appellee Evans has responded by moving to dismiss Tomb's appeal due to his wholesale failure to comply with the applicable rules governing appeals from a judgment of the Bankruptcy Court.

---

[2] 11 U.S.C. § 523(a)(6) states that "[a] discharge under . . . this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." The Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

3

The Bankruptcy Rules set forth the requirements for the submission of briefs and other records in support of an appeal. *See generally* Federal Rules of Bankruptcy Procedure, Part VIII (Appeals to District Court or Bankruptcy Appellate Panel). Other than filing a timely notice of appeal, Tomb has done little, if anything, in compliance with the rules governing Bankruptcy Appeals. As Evans catalogs in her motion to dismiss, Tomb's filings in support of his appeal have been deficient in every respect. To cite only the most significant shortcomings, Tomb:

- Failed to file the "Designation and Statement of Issues" required by Bankruptcy Rule 8006. More accurately, Tomb filed a form with that title, but did not include any designation or statement of issues on the form.

- Failed to file a brief conforming to the requirements of Bankruptcy Rule 8010. The Appellant's brief contains virtually no organization or structure, much less the structure required by Bankruptcy Rule 8010 (table of contents, statement of the basis of appellate jurisdiction, statement of issues presented, statement of appellate review, statement of the case, an argument section and a conclusion).

- Failed to include the Bankruptcy Court's opinion, findings of fact, and conclusions of law, as required by Rule 8006.

- Failed to order, or to include in the record on appeal, any portion of the trial transcript, despite the fact that the stated purpose of his appeal is to "overturn [Judge Hollis'] opinion" based on the evidence presented at the trial.

- Relies on evidence (specifically, proffers of testimony) by purported witnesses who did not testify at trial and whom Appellant did not even attempt to call. Indeed, the Bankruptcy Court's opinion (provided to the Court as an exhibit to Appellee's motion) expressly notes that Appellant "did not call any witnesses and did not testify as a witness."

At the June 20 hearing on the motion to dismiss (at which Mr. Tomb failed to appear), this Court entered an order requiring Mr. Tomb to file any response to the

4

motion by July 6 and granting him leave to cure any deficiency in its pleadings that Ms. Evans had identified in her motion.

In the interim since the Court entered its order, however, Tomb has neither attempted to cure any of the deficiencies in his pleadings nor filed a response to the motion to dismiss. Instead, Tomb filed on July 2 a pleading titled, "Motion for Immediate Trial-By-Jury In Request for Court Appointed Trial Counsel." Although this pleading appears to acknowledge receipt of the Court's June 20 order, it does not address any of the grounds for dismissal urged in Appellee's motion to dismiss. Instead, it asks this Court (after again rearguing factual claims) to "honor a victim's Constitutional Right to a Trial-By-Jury with Court Appointed Counsel at/for Trial."

The Bankruptcy appellate rules are not aspirational or optional; they are requirements designed to ensure the efficient and fair administration of justice. *See Dela Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998) ("rules of procedure were not whimsically created by judges . . . [and] serve to effectuate an efficient system for the orderly resolution of legal disputes"). Failure to comply with these Rules can therefore result in dismissal of an appeal. *See generally* Bankruptcy Rule 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."). Based on the pervasive deficiencies in Appellant's opening brief and his wholesale failure to comply with the applicable Bankruptcy Rules, the Court would be justified in granting Evans' motion to dismiss this appeal. *See, e.g., Jones v. Memorial Hosp.*, 301 Fed. Appx. 548 (7th Cir. 2008) (dismissing pro se appeal for failure

5

to comply with the analogous requirements of Federal Rule of Appellate Procedure 28); *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("pro se litigants are not excused from compliance with procedural rules").

Nevertheless, it is not necessary to dismiss the appeal on procedural grounds, as review of Mr. Tomb's non-conforming pleadings convinces the Court that, even read with the liberal eye that courts are required to bring to the review of pro se pleadings, Tomb has failed to identify any legal error in the Bankruptcy Court's judgment, much less one that would require reversal of that judgment.

In his opening brief, Tomb purports to set out "The Recorded Facts and Adversary's Trial Failures." In short, as Tomb tells it, after telling Evans to move out in 2004, she burned down his condominium (negligently, it seems) and subsequently engaged in a campaign of harassment against him, falsely accusing him of various abuses, in order to avoid any financial responsibility for his losses. Most of the facts he relates, however, were not presented during the trial in the Bankruptcy Court (Mr. Tomb called no witnesses) and are supported (if at all) by exhibits that were not presented to Judge Hollis. Consequently, his fervor notwithstanding, the "facts" he now offers this Court have no bearing on his appeal, as Mr. Tomb cannot support his appeal with evidence that he did not present at trial. *United States v. Baxter,* 217 Fed. Appx. 557, 561 (7th Cir. 2007) ("An appellant may not attempt to build a new record on appeal to support [his] position with evidence that was never admitted in the court below."); *Brokaw v. Weaver,* 305 F.3d 660, 668 (7th Cir. 2002) (same); *United States v. Phillips,* 914 F.2d 835, 840 (7th Cir. 1990) (same).

Putting aside his recitation of facts outside the record, however, several complaints about the underlying proceedings can be discerned in Mr. Tomb's pleadings. Tomb claims that the state court judge who entered the judgment against him never made any findings that Tomb's conduct was "willful and/or malicious," and presumably intends by that observation to assert that the judgment itself does not satisfy the requirements of § 523(a)(6) for non-dischargeability. The simple answer to this argument is that even if the state court did not make such findings in rendering its judgment, the Bankruptcy Court did, and it is the Bankruptcy Court's findings that are on review in this appeal. The Bankruptcy Court did not accord preclusive effect to the state court judgment as to the elements of willfulness and/or maliciousness, but instead conducted its own trial, and made its own determination, about whether the evidence supported such findings.[3]

The remainder of Tomb's contentions adds up to an argument that the evidence Evans presented during the Bankruptcy Court proceeding was insufficient to support the

---

[3]The Bankruptcy Court likely could not have based a non-dischargeability finding solely on the state court judgment. There are no findings entered in connection with the state court judgment (at least none that have been provided on appeal) and thus the judgment itself does not permit a determination that the state court found that Mr. Tomb actually intended to injure Ms. Evans, as required to support non-dischargeability under *Kawaauhau v. Geiger,* 523 U.S. 57, 61-62 (1998). Further, under Illinois law, punitive damages may be awarded for conduct that does not appear to rise to the level of willful or malicious conduct, such as "gross negligence [reflecting] a wanton disregard of the rights of others," *Slovinski v. Elliot,* 237 Ill. 2d 51, 58, 927 N.E.2d 1221, 1225 (Ill. 2010), and therefore even the punitive award portion of the judgment does not facially satisfy the requirement for non-dischargeability. *See, e.g., In re Duncan,* 448 F.3d 725, 730 (4th Cir. 2006) (reversing grant of summary judgment on non-dischargeability of punitive damage award where state law permitted award of punitive damages based on recklessness). The Bankruptcy Court therefore appropriately held its own hearing to determine whether the facts supported Evans' claim for non-dischargeability.

non-dischargeability finding.[4] Specifically, he claims that Evans failed to present "any hard evidence as far as subpoenaed Facsimile or Telephone Records, Phone Recordings, Closed-Circuit Television (CTV) or Surveillance Pictures etc. confirming and/or corroborating Evans' allegations," and did not call any police officers as witnesses. He complains that Sayre had never met him and also failed to produce "any alleged Phone Recordings." Tomb also complains that, when he cross-examined Evans at trial, she failed to respond to various lines of questioning.

Tomb's complaints that Evans failed to introduce various forms of evidence to corroborate her claims are misplaced. The relevant focus as to the Bankruptcy Court's finding that Tomb's actions were willful and malicious is not on evidence that was ***not*** presented to the court, but on the evidence that ***was*** presented. As Judge Hollis noted in rejecting Tomb's argument that the absence of phone records undermined Evans' testimony that he made threatening calls, Evans' unrebutted testimony about the fact and nature of the phone calls provided a sufficient basis to support the Court's finding; the absence of phone records, which would not have provided any information about the content of the calls (*i.e.,* whether they had been threatening) had "no bearing" on Judge Hollis' evaluation. Evans provided ample testimony that Tomb hit, threatened, and terrified her over a sustained period of time to support a finding that Tomb's actions had been willful and malicious. Judge Hollis found Evans' testimony "very credible" and

---

[4] By its nature, a claim that the evidence was insufficient generally requires an appellate court to evaluate the evidence presented at trial; failure to provide the relevant portions of the trial transcript in the record on appeal warrants dismissal of an appeal if absence of the transcript precludes the appellate court from conducting a meaningful review. *See, e.g, Lampley v. McBride,* 207 Fed. Appx. 649, 651 (7th Cir. 2006). But, here, the Court deems the lack of transcripts to be immaterial, as the Bankruptcy Court's opinion catalogs the substantial testimony supporting its judgment and Tomb has not claimed that the court's summary of that testimony is in any way inaccurate or incomplete.

that it was corroborated by the documentary evidence she submitted, such as the orders of protection she obtained. This Court has no basis to second guess that evaluation. Judge Hollis' reliance on Evans' testimony was not clearly erroneous.

Finally, to the extent that Tomb's most recent pleading—styled a "Motion for Immediate Trial-By-Jury"—can be read to assert that the Bankruptcy Court denied his right to a jury trial, it is without merit. As a threshold matter, the Court was unable to locate any documentation that Mr. Tomb made a jury demand in the Bankruptcy Court, but even assuming that he did so, the demand could not have been granted. The issue tried in the Bankruptcy Court was whether a prior state court judgment against the Appellant, which had been obtained by the Appellee, was dischargeable in bankruptcy. Whether a debt can be discharged in bankruptcy is a "core" bankruptcy proceeding, 28 U.S.C. § 157(b)(2)(I), as to which the Seventh Circuit has held the Seventh Amendment jury trial right does not attach. *N.I.S. Corp. v. Hallahan*, 936 F.2d 1496, 1505 (7th Cir. 1991). Mr. Tomb had no right to a jury trial in the Bankruptcy Court and, of course, has no right to such a trial in connection with an appeal of the Bankruptcy Court's judgment.

### III. Conclusion

Based on the foregoing analysis, the Bankruptcy Court's judgment is affirmed.

Date: July 24, 2012

_____
John J. Tharp, Jr.
District Judge